IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HENDLER FLORES LAW PLLC, | § § § | |
| *Plaintiff* | § | |
| vs. | § § | Civil Action No. 1:23-cv-00629 |
| DEVLIN LAW FIRM LLC | § § | |
| *Defendant.* | § § | |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

   a. Plaintiff has brought a claim for tortious interference with contract. The elements of this claim are: (1) a contract subject to interference; (2) a willful and intentional act of interference; (3) that was a proximate cause of the plaintiff's damages; and (4) actual damages. Wolf v. Cowgirl Tuff Co., No. 1-15-CV-1195-RP, 2016 WL 5957663, at *3 (W.D. Tex. Apr. 19, 2016).

   b. Defendant asserts nine defenses, including (a) failure to state a claim; (b) void contract (illegality); (c) void contract (public policy); (d) plaintiff's fault; (e) responsibility of others; (f) privilege; (g) justification; (h) one satisfaction rule; and (i) reservation of rights.

      i. Defenses (a), (b), and (c) negate Plaintiff's element (1). Defense (i) reserves the right to plead other defenses.

      ii. Defenses (d) and (e) partially or fully negate Plaintiff's element (3) and (4). The element of these defenses is that Plaintiff (d) or a third party (e) have

1

contributed in some way to Plaintiff's injury. See Tex. Civ. Prac. & Rem. Code §§ 33.001-.004.

    iii. Defenses (f) and (g) negate Plaintiff's element (2). Additionally, they serve as affirmative defenses if any of following elements are met with respect to the interfering party: (i) it acts in the bona fide exercise of its own rights; (ii) it has an equal or superior right in the subject matter to that of the party to the contract; or (iii) it acts on a good-faith claim to a colorable legal right if mistaken). Texas Beef Cattle Co. v. Green, 921 S.W.2d 203, 211 (Tex. 1996); Prudential Ins. Co. of Am. v. Financial Review Servs., Inc., 29 S.W.3d 74, 77-80 (Tex. 2000).

    iv. Defense (h) partially or fully negates Defendant's liability for damages. It requires (1) a single indivisible injury and (2) an amount received by Plaintiff for that injury.

    v. Defendant has not yet asserted any counterclaims. Defendant expects that counterclaims will ripen during the pendency of this suit.

2. Are there any outstanding jurisdictional issues? There are no outstanding issues related to personal jurisdiction.

    a. Plaintiff's position regarding subject matter jurisdiction: There are no outstanding issues related to subject matter jurisdiction.

    b. Defendant's position regarding subject matter jurisdiction: Defendant contests subject matter jurisdiction, and the Court has ruled on a motion addressing that issue, but the Court is obliged to continually, and *sua sponte*, assess its jurisdiction, and challenges can be raised by a party (or the Court) at any time. *See USPPS, Ltd.*

   v. *Avery Dennison Corp.*, 647 F.3d 274, 284 (5th Cir. 2011); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

  For removed cases based on diversity jurisdiction:

  b. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

    i. This case was not removed.

  c. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

    i. This case was not removed.

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

  a. There are no unserved parties.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

  a. None at this time.

5. Are there any legal issues in this case that can be narrowed by agreement or by motion?

  a. None at this time.

6. Are there any issues about preservation of discoverable information?

  a. Plaintiff believes discovery should proceed to ensure there are no issues with preserving discoverable information.

7. Are there any issues about disclosure of discovery of electronically stored information be produced and will production include metadata?

  a. None at this time.

8. What are the subjects on which discovery may be needed?

    a. Plaintiff anticipates needing discovery regarding communications between Defendant and Plaintiff's former clients, between one of Defendant's attorneys (who is a former employee of Plaintiff) and Plaintiff's former clients, and other communications between these individuals and third parties regarding Plaintiff and his former clients and their decision to terminate Plaintiff. In general, communications to and from Defendant about Plaintiff to its former clients will likely be needed.

    b. Defendant anticipates needing discovery regarding: the relationship between one of Defendant's attorneys (who is a former employee of Plaintiff) and Plaintiff's former clients during his employment with Plaintiff; the basis (including the Rule 11 basis) for good faith assertion of Plaintiff's claims; and the conduct of Plaintiff, its owners, employees, and contractors as it relates to the truthfulness of the contents of any communications between Defendant or Defendant's attorneys and Plaintiff's former clients.

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

    a. Initial disclosures have not been made. The parties agree that a deadline should be set for initial disclosures depending on the Court's ruling on Defendant's forthcoming motion to stay. If the Court denies the motion to stay, the parties will confer regarding an agreed date for initial disclosures.

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or

agreeing to limit discovery?

   a. No discovery has been completed.

11. What, if any, discovery disputes exist?

   a. Plaintiff believes discovery should proceed while Defendant believes discovery and all deadlines should be stayed. The parties will set forth their respective positions on this issue in the briefing on Defendant's forthcoming motion to stay.

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

   a. No. The parties anticipate having such discussions should the Court determine that discovery may proceed.

13. Have the parties discussed early mediation?

   a. No. The parties do not believe this case can be effectively mediated until after resolution of the *Gonzales* Litigation.

14. Have the parties considered seeking entry of a confidential and protective order and are there any other scheduling or discovery items requiring the court's attention?

   a. The parties anticipate discussing whether a protective order will be needed following the Court's ruling on Defendant's forthcoming motion to stay.

Dated: February 19, 2024

                    Respectfully Submitted,

                    /s/ *Trey Duck*
                    Nix Patterson, LLP
                    Michael Angelovich
                    TX Bar No. 00785666
                    Bradley E. Beckworth
                    TX Bar No. 24001710

        Trey Duck
        TX Bar No. 24077234
        Andrew G. Pate
        TX Bar No. 24079111
        Jessica E. Underwood
        TX Bar No. 24093291
        8701 Bee Caves Road
        Suite 500
        Austin Texas, 78746
        Telephone: (512) 328-5333
        Facsimile: (512) 328-5335
        mangelovich@nixlaw.com
        bbeckworth@nixlaw.com
        tduck@nixlaw.com
        dpate@nixlaw.com
        junderwood@nixlaw.com

        Counsel for Plaintiff

        */s/ Clifford Chad Henson*
        Clifford Chad Henson
        (Texas Bar No. 24087711)
        DEVLIN LAW FIRM LLC
        1526 Gilpin Ave.
        Wilmington, DE 19806
        Telephone: (302) 449-9010
        chenson@devlinlawfirm.com

        Counsel for Defendant

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the parties conferred on the issue by e-mail on February 14, 2024 prior to filing this Joint Federal Rule of Civil Procedure 26 Report.

        */s/ Trey Duck*
        Trey Duck

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record on February 19, 2024 in accordance with the Federal Rules of Civil Procedure.

                                      */s/ Trey Duck*
                                      Trey Duck