IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HENDLER FLORES LAW PLLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:23-CV-629-RP |
| DEVLIN LAW FIRM LLC, | § § § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Devlin Law Firm LLC's ("Devlin Law") Motion to Stay. (Dkt. 17). Plaintiff Hendler Flores Law PLLC ("HFL") filed a response, (Dkt. 19). Devlin Law did not file a reply. Having considered the parties' briefs, the record, and the relevant law, the Court will deny the motion.

**I. BACKGROUND**

This case is one of several disputes arising out of the shooting and death of Alex Gonzales, Jr. by Austin Police Department ("APD") officers.[1] (*See* Pl.'s Resp., Dkt. 8, at 3). On January 7, 2020, Alex Gonzales Sr. and Elizabeth Herrera (the "Gonzales Plaintiffs") retained HFL to represent them in a lawsuit against the City of Austin and certain APD officers. (*Id.*). The Gonzales Plaintiffs signed an attorney retainer agreement ("the Retainer Agreement") with HFL, which agreed that HFL would take forty percent of any settlement, verdict, or recovery obtained in the matter. (*Id.*). It stipulated that, in the event HFL is terminated, HFL is still entitled to the full forty percent of the contingency fee interest in the litigation. (*Id.*). The Retainer Agreement also created a charging lien to secure recovery of fees if the Gonzales Plaintiffs terminated HFL without cause. (*Id.* at 4).

---

[1] The Court lifts these facts from its order on Devlin Law's motion to dismiss. (Order, Dkt. 9).

1

In March 2022, while HFL was representing the Gonzales Plaintiffs, HFL hired Donald Puckett ("Puckett") to work as an associate attorney. (Compl., Dkt. 1, at 3). Puckett was assigned to work on the Gonzales litigation but resigned from HFL in December 2022. Puckett was then hired by Devlin Law, a Delaware law firm specializing in intellectual property law. (*Id.* at 4). On January 3, 2023, HFL filed a lawsuit in this Court on behalf of the Gonzales Plaintiffs against the City of Austin and APD officers. (*Id.*); *Gonzales et al v. Serrato et al.*, No. 1:23-CV-0009-RP (W.D. Tex. filed Jan. 3, 2023) (the "*Gonzales* Litigation").[2]

HFL alleges that Puckett then began to denigrate HFL and the quality of its work to the Gonzales Plaintiffs. (Compl., Dkt. 1, at 4). Eventually, Puckett persuaded the Gonzales Plaintiffs to terminate their relationship with HFL. (*Id.*). In HFL's place, they hired Devlin Law to represent them in the Gonzales litigation. (*Id.*). The Gonzales Plaintiffs asked that HFL withdraw from their case and transfer the case files over to Devlin Law, which HFL eventually did. (*Id.* at 4–5). HFL filed the instant suit on June 2, 2023, alleging that Devlin Law tortiously interfered with their retainer agreement with the Gonzales Plaintiffs. (*Id.*).

On August 7, 2023, Devlin Law filed its motion to dismiss. (Mot. Dismiss, Dkt. 5). Its motion characterized HFL's lawsuit as simply another "retaliatory outburst" from the firm, while the merits of the motion focus on the argument that HFL's claim is not yet ripe. (*Id.*). Because the Gonzales litigation has not yet been resolved, Devlin Law argued that no breach had occurred, and any loss or damages would be speculative and based on any hypothetical recovery by the Gonzales Plaintiffs. (*Id.*). HFL argues that the tortious interference claim accrued when Devlin Law interfered with the retainer agreement, that the ripeness of a claim is not determined by exact knowledge of damages, and that HFL has a claim for anticipatory breach. (Pl.'s Resp., Dkt. 8).

---

[2] *Gonzales v. Serrato* has been consolidated with two other actions into the lead case for all pretrial purposes: *Gonzales et al v. City of Austin et al.*, 1:22-CV-655-RP (W.D. Tex. filed July 6, 2022).

The Court denied the motion to dismiss on November 8, 2023. (Dkt. 9). The Court found that HFL's claim was ripe under Article III and that HFL had suffered a cognizable injury when its contract with Gonzales was terminated. (*Id.*). The Court noted that uncertainty over HFL's damages due to the underlying lawsuit did not divest the Court of subject matter jurisdiction but could be remedied by potentially staying this case if necessary. (*Id.* at 7–8).

On February 20, 2024, Devlin Law filed the instant motion to stay, arguing that judicial economy and procedural fairness would be bolstered by staying the case until the underlying *Gonzales* Litigation is resolved. (Dkt. 17). HFL responded, suggesting that a years-long stay would likely lead to the erosion of material evidence and the parties' factual recollections, and that some discovery should therefore move forward to ensure that evidence is preserved. (Dkt. 19).

## II. LEGAL STANDARD

A district court has the inherent power to stay proceedings, which is incidental to its power to control the disposition of its docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N Am. Co.*, 299 U.S. 248, 254-55 (1936); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. In determining whether a stay is proper, the district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by granting a stay. *See La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, Civ. A. No. 09-CV-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009). When exercising its discretion, the Court is "guided by the policies of justice and efficiency." *Boudreaux v. Metro. Life Ins. Co.*, Civ. A. No. 95-CV-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995).

### III. DISCUSSION

The Court finds that a blanket stay of pretrial discovery is not warranted. Critically, HFL will suffer more prejudice from the erosion of evidence if this case is stayed than Devlin Law will suffer in the absence of a stay. The *Gonzales* Litigation may continue for many more months, if not years. That delay is highly likely to result in the gradual loss of evidence as witnesses' recollections fade. *See UNM Rainforest Innovations v. D-Link Corp.*, No. 6:20-CV00143-ADA, 2023 WL 2706748, at *3 (W.D. Tex. Mar. 29, 2023) (A "stay risks the 'loss of evidence as witnesses become unavailable and memories fade.'") (quoting *Allvoice Devs. US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010)). That is especially true for the *Gonzales* Litigaiton, where qualified immunity is a contested issue that will likely[3] result in a lengthy appeal before trial can take place. Devlin Law's main prejudice, by contrast, is that it may have to undergo discovery in a case where damages end up being severely reduced or mooted by the *Gonzales* Litigation. (*See* Mot. Stay, Dkt. 17). However, where a stay can potentially last years, concrete concerns regarding the loss of evidence outweigh the mere convenience of the parties. *See U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008) (denying stay and noting that "concerns regarding witnesses' fading memories and poor health are certainly not insignificant").

Devlin Law's remaining arguments do not weigh in favor of a stay. Although Devlin Law suggests that the case could be mooted by a dismissal of the *Gonzales* Litigation, that argument ignores HFL's claim in this case for tortious interference and reputational damage. (Mot. Stay, Dkt. 17, at 6–10). Those claims do not exclusively depend on the *Gonzales* Litigation, meaning that the overall case will not necessarily become moot based on the *Gonzales* Litigaiton. Regardless of the outcome of the *Gonzales* Litigation, the parties will eventually have to conduct discovery because the

---

[3] Assuming that summary judgment is not granted for the defendants.

tortious interference and reputational damages claims will remain. Accordingly, few (if any) resources would be saved by staying discovery in this case.

      Devlin Law next suggests that the early stage of the case supports a stay, but this argument is unavailing. Although the outcome of the *Gonzales* Litigation may affect trial or even dispositive motions, it is unlikely to play a significant role in discovery. The degree of damages awarded in the *Gonzales* Litigation is largely unrelated to the discovery the parties would gather in this suit, so there is no reason that this case's discovery stage should counsel in favor of a stay. Even if the trial date in this case is eventually stayed, the parties must be prepared to proceed once that stay is lifted. This case has been pending for over a year and has yet to have a scheduling order or proceed to discovery. (*See* Dkts. 15, 16). If discovery continues to be stayed, then the case will be delayed by several more months once that stay is lifted. By contrast, if the parties conduct discovery before a stay, then the case can resume at the dispositive motions stage once the stay is lifted. Put simply, a stay of discovery is not required and would substantially delay resolution of this suit.

      Finally, Devlin Law asserts that "special problems related to privilege" favor a satay. (Mot. Stay, Dkt. 17, at 10–11). To the extent that materials are privileged and may affect the *Gonzales* Litigation, those concerns may be addressed through a protective order or by delaying discovery as to those particular privileged matters. The possibility that some documents may be privileged does not warrant a wholesale stay of all discovery.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Devlin Law's Motion to Stay, (Dkt. 17), is **DENIED**.

**SIGNED** on August 14, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE